July 1, 2015

**200-15**

Mr. Abel Acosta

Clerk

Supreme Court Bldg.

201 W. 14th St., Rm. 106

P.O. Box 12308

Austin, Texas 78711-2308

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 09 2015
Abel Acosta, Clerk

Sir:

    Please find enclosed along with this cover letter, One (1) Original Petition For Discretionary Review and eleven (11) copies a total of 293 pages. Please file and bring to the attention of the Court. The quality of the copies is poor. Please check and re-copy if necessary. I had to rely on someone else to copy. Your help and consideration is appreciated, thank you.

FILED IN
COURT OF CRIMINAL APPEALS
JUL 10 2015
Abel Acosta, Clerk

Respectfully,

O.D. Van Duren

O. D. VanDuren

Appellant Pro Se

1834 715

Ramsey

1100 F.M. 655

Rosharon, Tx. 77583-7670

# Table Of Contents

| | page |
|---|---|
| Identity Of Parties | |
| Statement Regarding Oral Argument | |
| Statement Of the Case | |
| Statement Of Procedural History | |
| Questions Presented For Review | |
| 1. Waiver Of Counsel | 1 - |
| 2. Void Indictment | 2-6 |
| 3. Void Sentence | 6-9 |
| 4. Denial of Pre-trial Habeas Corpus | 9-11 |
| 5. Jury Charge | 11-13 |
| 6. Speedy Trial | 13 |
| 7. Trial Records | 13-14 |
| 8. Ineffective Assistance Of Counsel | 14-15 |
| Prayer For Relief | 15 |
| Appendix - Opinion of First Court Of Appeals (unable to provide copies) | |
| Verification | |
| Certificate Of Service | |
| Index Of Authorities | |

No. 0200-15

In The

Court Of Criminal Appeals

Austin, Texas

O. D. Van Duren

v.

State Of Texas

From Appeal No. 01-13-00103-CR
Trial Cause No. 1307615
Harris County

## Identity Of Parties

Judge Ruben Guerrero
174th District Court
Harris County
Trial Judge

Mark Lipkin, Holly Sheffield, -
Trial Counsel
5535 Memorial Dr. Ste. 710
00 794175 Bar Number
(713) 802-9488
Houston, Texas

Devon Anderson - District Attorney of Harris County
Kevin Keating - Assistant District Attorney on Appeal
Claire Morneau and Gretchen Flader - Assistant District Attorneys At trial
O.D. Van Duren - On Appeal Pro Se
First Court Of Appeals: Justices Higley, Bland And Justice Sharp

## Statement Regarding Oral Argument

Should this Honorable Court Of Criminal Appeals grant this Petition For Discretionary Review, petitioner request this Honorable Court appoint counsel to argue the merits, this case presents Golden Rule interpretation of case

law AND statutes.

## Statement Of the Case

Appellant was arrested on felony Driving While Intoxicated warrant on August 2, 2011 by Harris County Sheriff's Department and held on no bond. Appellant was indicted as habitual offender using prior felony convictions And a 1985 misdemeanor conviction and 2007 misdemeanor DWI convictions as jurisdictional enhancements. Appellant filed numerous pretrial motions, and writs seeking relief. Appellant was sentenced to 30 years confinement and Appealed. Appellant proceeded on Appeal Pro Se.

## Statement Of Procedural History

1. Judgment Affirmed on October 30, 2014.
2. Motion For Rehearing filed on November 19, 2014.
3. Motion For Rehearing was denied January 13, 2015.

## Questions Presented For Review

1. Waiver Of Counsel - pages 8-13 treat a hearing for defendant to testify in open court as a hearing on a Waiver Of Counsel.
2. Void Indictment - use of a prior misdemeanor conviction not authorized by statute under which prosecution as felony is based.
3. Void Sentence - Whether a sentence can exceed the statutory maximum.
4. Pre-trial Habeas Corpus - does a defendant have a pretrial right to habeas corpus hearing.
5. Jury Charge - did the defendant have a constitutional right to a correct jury charge at the guilt/innocence and punishment phase to to define the correct wording of statutes applicable in the prosecution.
6. Speedy Trial - did defendant consistently assert his right to speedy trial.
7. Trial Records - does Appellant have a protected right to complete

trial records and right to supplement.

8. Ineffective Assistance Of Counsel - was counsel's performance far from advocate for the defense to egregious behavior.

9. Whether Appellant could raise issues 3, 4, 5, 7, 8, 9, 10, 12, 17, 18 and 19 on appeal, of his brief as issues presented on appeal.

1. Waiver Of Counsel - the First Court Of Appeals has decided this important question of State and Federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States, to wit: the hearing is one After the jury panel has been selected and trial counsel tells the court that he's tried to get the defendant to testify, please read transcripts of trial. At no time was defendant asked about his Waiver Of Counsel, there is no language to lead to a question on waiver, and defendant at no time communicated with the court on a waiver. The defendant must be aware of the consequences of a decision to waive his right to counsel, Patterson v. Illinois, 487 U.S. 285, 293 (1988).

When a defendant elects to represent him/herself in a criminal matter, the presiding court must determine whether the defendant understands the dangers of self-representation and has entered a voluntary waiver of his/her right to counsel, Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975). It is error for the court to force the defendant to accept legal representation at trial if the defendant is capable of making a valid waiver of the right to counsel, Faretta, 422 U.S. at 835 and Lytes v. Estelle, 658 F. 2d 1015 (5th Cir. 1981). A valid waiver consists of admonishment, voluntary, knowing and intelligent, and proper court inquiry.

The record should establish that he/she knows what he is doing and his choice is made with eyes open, citing Williams v. State, 252 S.W. 3d 353, 355-59 (Tex. Crim. App. 2008); Crim. Law Key 1774 (2); Crim. Law Key 1774 (2); Crim. Law Key 1775, advising, admonishing and determining whether a Defendant's waiver of right to counsel is knowing, intelligent, and voluntary. U.S.C.A. Amend. 6. Here, in this case the defendant filed numerous motions to dismiss counsel up to and on the first day he dressed for trial. The waiver of counsel was prepared well in advance and presented to counsel for a hearing. The trial judge told counsel that I was not entitled to have any motions heard; please see the trial transcripts.

2. Void Indictment - Appellant was arrested on felony warrant for the felony offense of O.W.I. A 1985 conviction was used as a jurisdictional

enhancement pursuant to Sec. 49.09 of the Penal Code, in violation of Sec. 49.09(d) which clearly states for the purposes of this section a conviction for prosecution under this section occurs on or after September 1, 1994. Citing Statutes Key 212.1 - Court presumes that legislatures act with case law in mind. Here the First Court Of States that Sec. 49.09(c) applies. A direct contradiction of the statute which clearly speaks to define the offense, what type of offense and a date that the offense can be used, Sec. 49.09 (d). Defendant filed numerous pro se motions to quash and a pretrial Habeas Corpus. The First Court Of Appeals has decided an important question of state law that has not been, but should be, settled by the Court Of Criminal Appeals, has decided an important question of state law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals or the Supreme Court Of the United States, and appears by it's interpretation to have misconstrued a statute, rule, and ordinance of Sec. 49.09 (b) and the Texas Government Code. In support of the meaning of statutory language and punishment outside the punishment range for the crime, Petitioner cites; Statutes Key 188, State v. Lima, 825 S.W. 2d 733; Statutes Key 189, State v. Lima, 825 S.W. 2d 733; Statutes Key 190, Chapman v. Paul R. Wilson, Jr. D.D.S., Inc. 826 S.W. 2d 214; Statutes Key 214, V.T.C.A. Government Code § 312.002, Smith v. Brooks, 825 S.W. 2d 208; Crim. Law Key 1042, Carter v. State, 196 S.W. 3d 406 (Tex. App. – Beaumont 2006); Sentence and Punishment Key 34, Carter v. State, 196 S.W. 3d 406 (Tex. App. – Beaumont 2006); Constitutional Law Key 258 (2), U.S.C.A. Const. Amend. 14; Constitutional Law key 70.1 (2), Statutes Keys 176, 181(1), 188, and 212.7, Constitutional Law Key 70.1 (2), State v. Vasilas, 187 S.W. 3d 486; Constitutional Law Key 70.3(1), Seals v. State, 187 S.W. 3d 417, on remand 2006 WL 745757; Criminal Law Key 1147, State v. Fury, 186 S.W. 3d 67, petition for discretionary review refused; Yanez v. State, 187 S.W. 3d 724; abuse of discretion when decision lies outside the zone of reasonable disagreement, Ganther v. State, 187 S.W. 3d 641; Criminal Law Key 1149, State v. Flournoy, 187 S.W. 3d 621; Criminal Law Key 1149, State v. Flournoy,

187 S. W. 3d 621; Sentence and Punishment Key 34, Seeker v. State, 186 S.W. 3d petition for discretionary review refused; Sentence and Punishment Key 2254, Gonzalez v. State, 187 S.W. 3d 166; Statute Key 176, Hardy v. State, 187 S.W. 3d 232, petition for discretionary review refused; Statute Key 181(1), V.T.C.A. Government Code §§ 311.011, 311.021, 311.023, 312.005, In re M.C.C., 187 S.W. 3d 383; Courts must begin with the plain language of a statute in order to discern its meaning; this is because the court's interpretation of statutes must seek to effectuate the collective intent or purpose of the legislators who enacted the legislation, State v. Vasilas, 187 S.W. 3d 486; Interpretation, seeking to effectuate the collective intent or purpose of the legislators who enacted the legislation, Seals v. State, 187 S.W. 3d 417, on remand 2006 WL 745757, see also Statutes Key 184; Giving effect to collective intent or purpose of legislature, interpretation, Ex parte Ervin 187 S.W. 3d 386, see also Statutes Key 184; Giving common meaning to clear and unambiguous statute, Statutes Key 188, Statutes Key 181(2), Ulico Cas. Co. v. Allied Pilots Ass'n, 187 S.W. 3d 91, rehearing overruled; Not giving absurd result not intended by legislature, Statutes Key 189, Seals v. State, 187 S.W. 3d 417, on remand 2006 WL 745757; Interpretation, literal meaning, not leading to absurd result not intended, Ex parte Ervin 187 S.W. 3d 386; Not for courts to add or subtract to clear and unambiguous statute, Seals v. State, 187 S.W. 3d 417, on remand 2006 WL 745757; Not resorting rules of construction or extrinsic aids to construe clear and unambiguous statute, Ulico Cas. Co. v. Allied Pilots Ass'n, 187 S.W. 3d 91, rehearing overruled; Interpretation according to rules of grammar and common usage, unless technical or particular meaning acquired, Johnson v. State, 187 S.W. 3d 591, petition for discretionary review refused, see also Statutes Key 200; Giving effect to whole statute, Statutes Key 206, Seals v. States, 187 S.W. 3d 417, on remand 2006 WL 745757; Seminal rule, statutory construction, respect for legislature, and amending statute to conform to intent, Statutes Key 212.7, State v. Vasilas, 187 S.W. 3d 486; Statutes Keys 181(1), 181(2), 184, 212(6), 217.4, 223.1, 223.2 (5); Intention of legislature, retroactive application, V.T.C.A., Government Code § 311.022, In re M.C.C., 187 S.W. 3d 383;

Constitutional Law Key 52, Vernon's Ann. Texas Const. Art. 2, §1; Criminal Law Key 1038.1 (2) "Egregious error" in charging instrument, denial of fair and impartial trial. In this point of review the indictment for felony D.W.I. was void, unsupported by the statute under which the defendant was prosecuted. The trial court abused its discretion by not quashing the felony indictment, citing Mongomery v. State, 810 S.W. 2d 372, 380 (Tex. Crim. App. 1990) whether the court abused its discretion depends upon whether the court acted without reference to any guiding rules or principles. The statute supports the use of a lesser-included offense, not a felony for jurisdictional purposes, which renders the indictment void, citing Woods v. State, 398 S.W. 3d 396 (6th Court Of Appeals-Texarkana), Rhoten, 229 S.W. 3d at 356 (citing Asberry v. State, 813 S.W. 2d 526, 531 (Tex. App. - Dallas 1991, pet. ref.'d) "Our authority to reform incorrect judgment is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have duty to do so." In the requirement of proof of the necessary jurisdictional offenses of the statute, the Appellant cites Reyes v. State, 394 S.W. 3d 809 (Tex. App. - Amarillo 2013); Calton v. State, 176 S.W. 3d 231, 236 (Tex. Crim. App. 2005) (discussing similar requirements with regard to evading arrest offense); see Zimmer, 989 S.W. 2d (applying Jackson v. Virginia standard to proof of prior convictions). Misdemeanor D.W.I. is a lesser-included offense of felony D.W.I. Tex. Code Crim. Pro. Art. 37.09 (West 2012); Tex. Penal Code Ann. § 49.04 (West 2012); Mosqueda v. State, 936 S.W. 2d 714, 717 (Tex. App. - Fort Worth 1996, no pet.) When evidence is sufficient to prove a lesser-included offense but not the alleged felony offense, we may modify the trial court's judgment to show a conviction for the lesser-included offense. Bigley v. State, 865 S.W. 2d 26, 27-28 (Tex. Crim. App. 1993) and Bowen v. State, 374 S.W. 3d 427, 432 (Tex. Crim. App. 2012), also see Woods v. State, 398 S.W. 3d 396 (Tex. App. - Texarkana 2013) on adequately describing a particular offense for which the defendant is to be tried. Reyes v. State, 394 S.W. 3d 809 (Tex. App. - Amarillo

2013) insufficient evidence to support defendant's felony D.W.I. conviction; Criminal Law Key 990.1 — While a judgment is merely voidable for irregularity, it is void for irregularity, it is void for illegality, "illegal act" are acts that are not authorized by law, while "irregular acts" are acts or practices that vary from the normal conduct of an action. The trial judge's action was not authorized by law and was, therefore void. Cf. State ex rel. Eidson v. Edwards, 793 S.W. 2d 1, 5 (Tex. Crim. App. 1990); State ex rel. Vance v. Clawson, 465 S.W. 2d 164, 168 (Tex. Crim. App. 1971); Ex parte Seidel 39 S.W. 3d 221 (Tex. Crim. App. 2001). For example, this Court has long held that a sentence is void when the punishment is unauthorized. See Ex parte Beck, 922 S.W. 2d 181, 182 (Tex. Crim. App. 1996); Ex parte McIver, 586 S.W. 851, 854 (Tex. Crim. App. 1979). A punishment exceeding the statutory maximum is not outside the jurisdictional parameters of a trial court. Nevertheless, such a punishment renders the judgment void because it is illegal, i.e., unauthorized by law. The maxim expressio unius est exclusio alterius is often employed in the construction of statutes. In general, it means that a statute's inclusion of a specific limitation excludes all other limitations of that type, quoting Guin v. State, 696 S.W. 2d 436 (Tex. App. 1985). Citing Ramos v. State, 303 S.W. 3d 302 (Tex. Crim. App. 2009) Statutory construction is a question of law, and appellate review is de novo. When construing a statutory provision, a court's constitutional obligation is to attempt to discern the fair, objective meaning of that provision at that time of its enactment. When attempting to discern that fair, objective meaning, the court may consult dictionaries. When a court construes a statute that has been amended, it must construe it as if it had been originally enacted in its amended form. The court must take the amended statue as it reads today, mindful that the legislature, by amending the statute, may have altered or clarified the meaning of earlier provisions. If a court concludes that the meaning of a statutory provision in question is plain, then it gives effect to that plain meaning, as long as it does not lead to an absurd result. Statutory terms not legislatively defined are generally construed in their technical sense. Here, the statute is plain. The interpretation is strained and far reaching to achieve the trial court's intent. Quoting from Black's Law Dictionary - Fair Warning. (1931).

Crim. Law. The requirement that a criminal statute define an offense with enough precision so that a reasonable person can know what conduct is prohibited and so that a reasonably skilled lawyer can predict what conduct falls within the state's scope. - Also termed fair notice. [Cases: Crim. Law Key 13.1],

3. Void Sentence - the court of appeals' decision conflicts with another court of appeals' decision on the same issue; the First Court Of Appeals has decided an important question of state and federal law that should be settled by the Court Of Criminal Appeals; the court of appeals has decided an important question of state and federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals and the Supreme Court of the United States; the court of appeals appears to have misconstrued a statute, rule, regulation or ordinance in its decision; and has departed from the guiding principles of law and precedent. This sentence exceeds the statutory maxim of a lesser-included misdemeanor, even further a third degree felony. The penal code specifies the procedure that the State must follow to enhance a sentence and violation of a statute. Appellant cites the following as support for a sentence not authorized by statute, adhering to rules of the reading of a statute as discussed in the Void Indictment and Ex parte Walker, 599 S. W. 2d 332 (Tex. Crim. App. 1980); Ex parte Reed, 610 S. W. 2d 495 (Tex. Crim. App. 1981); Ex parte Hunter, 616 S. W. 2d 626 (Tex. Crim. App. 1981); Bogany v. State, 661 S. W. 2d 957 (Tex. Crim. App. 1983); Ex parte Spaulding, 687 S. W. 2d 741 (Tex. Crim. App. 1985); Ex parte Johnson, 697 S. W. 2d 605 (Tex. Crim. App. 1985); Berry v. Hughes, 710 S. W. 2d 600 (Tex. Crim. App. 1986) and Texas Code of Criminal Procedure Art. 37.10 (b); Ex parte Johnson, 698 S. W. 2d 671 (Tex. Crim. App. 1985); Ex parte Rivers, 559 S. W. 2d 144 (Tex. Crim. App. 1979); Burney v. State, 614 S. W. 2d 834 (Tex. Crim. App. 1981); Ex parte White, 659 S. W. 2d 434 (Tex. Crim. App. 1983); Ex parte Adams, 701 S. W. 2d 257 (Tex. Crim. App. 1985); French v. Estelle, 692 F. 2d 1021 (5th Cir. 1982) the State must follow enhancement procedures in order to enhance a sentence. Quoting Carter v. State, 196 S. W. 3d 406 (Tex. App. - Beaumont 2006) Crim. Law Key 1042. - Without having objected to the indictment, a convicted defendant may raise, for the first time on appeal, the argument that his punishment is outside the statutory range for the crime for which he is convicted.; Sentence and

Punishment Key 34. - A sentence cannot exceed the maximum statutory penalty, and if it does so, the sentence is void. Appellant was charged with felony D.W.I., in contravention of the wording of the statute as argued in Void Indictment. Sentenced under Sec. 49.09 of the penal code, and in violation of Sec. 49.09(d) and (g), using Subchapter D, Chapter 12, specifically punishing the Appellant as a habitual offender to thirty (30) years T.D.C.J., on a third degree felony. Citing Crim. Law Key 1042, Tex. App. Houston [1st Dist.] 2005 - A sentence that is not within the statutory punishment range for an offense is void, and thus no objection is required to preserve error on appeal. Seeker v. State, 186 S.W. 3d 36, petition for discretionary review refused, interpreting clear, unambiguous statutes and ascertaining the legislative intent as discussed in Void Indictment. Quoting Mapes v. State, 187 S.W. 3d 655 (Tex. App. Houston [14th Dist.] 2006) When a trial court assesses punishment it "must always be within the minimum and maximum fixed by law. Because punishment enhancements are inapplicable in the context of enhanced driving while intoxicated (DWI) offenses, pleas and findings regarding enhancements are V.T.C.A., Penal Code §§ 12.42, 12.43, 49.09. - Id. Punishment enhancements under Sections 12.42 and 12.43 do not apply in the felony D.W.I. context, citing Martin v. State, 84 S.W. 3d 267, 268-69 (Tex. App. Beaumont 2002, pet. ref'd); Gibson, 995 S.W. 2d at 696; see also Weaver v. State, 87 S.W. 3d 557, 560 (Tex. Crim. App. 2002); Barfield, 63 S.W. 3d at 448. General enhancement statutes applying to other types of misdemeanors and felony offenses do not apply to cases of drunk driving, because the legislatures' placement within the DWI statute itself a special enhancement provision applicable only to persons convicted of driving while intoxicated, thereby excluding other general enhancement schemes. Courts must give effect to the plain meaning of a statute's literal text unless such a reading would lead to absurd, unintended consequences or the plain language is ambiguos. Texas Penal Code § 12.41(1) provides that any conviction not obunder this code shall be classified as a felony of the third degree if imprisonment in the Texas Dept. Of Cri. Justice or another penetentiary is affixed to the offense as possible punishment. Trial court's ruling did not fall within the plain language

of the statute, (absurd and unintended consequences) quoting State v. Stewart Le Richardson, 383 S.W. 3d 544 (Tex. Crim. App. 2012). Citing Ex parte Serrato, 374 S.W. 3d 636 (Tex. App. Ft. Worth 2012) Texas Penal Code Ann. § 49.09 (g) (2011) prohibits a conviction from being used for enhancement purposes under § 49.09 (jurisdictional element) and also for punishment enhancement purposes, § 49.09 (g). Even further, State v. Cooley, 401 S.W. 3d 748 (Tex. App. [14 Dist.]- Houston 2013) states - A court reviewing a statute should presume that the legislature intended the entire statute to be effective, Tex. Gov't Code Ann. § 311.021 (West 2013); see also State v. Muller, 829 S.W. 2d 805, 810 (Tex. Crim. App. 1992). Because section 49.09 is specific to the D.W.I. content, we hold that section 49.09 (A) prevails, see Tex. Gov't Code Ann. § 311.026 (b) (West 2013). In Guinn, this Court answered the question that the Court of Criminal Appeals did not reach in Morgan, holding that the "special enhancement provision in the D.W.I. law (now section 49.09) excludes all other enhancement schemes such as the general enhancement provision [for felonies in section 12.42]." Guinn, 696 S.W. 2d at 438; see also Mapes, 187 S.W. 3d at 659-60. Because the general enhancement provision for misdemeanors in Section 12.43 was not applied in this case, the Guinn holding is not dispositive here, though its analyis is instructive. In Ex parte Reinke, 370 S.W. 387 (Tex. Crim. App. 2012) noted that nothing in the wording of the statute allowed for increases in the change of the level of the offense, the primary offense, the sentencing range is within the punishment range of the level of the offense for which the defendant is tried. The Court of Appeals rejected an argument contrary to the statute's plain language, which would have lead to absurd and unintended consequences. The Court of Appeals noted the well-established principle that prior offenses alleged to enhance are not retried. Quoting Crim. Law and Procedure, Sentencing, Prior Felonies, Imposition, Apprendi Rule: The legislature clearly knows the difference between enhancing the level of an offense and enhancing the level of punishment. Compare the language in § 49.09 a felony of the third degree and § 12.42 which is excluded by the statue for use with § 49.09. In Reinke, the Court states, "We hold that, for the purpose of competence to be tried, unless the legislature

explicitly states that an enhancement increases not only the punishment range but also the level of the charged offense, the level of the offense alleged in the indictment is not altered by the allegation of prior offenses as enhancements. The state's position requires an assumption that allegations will always be found true. But if a fact finder finds one or more enhancement allegations not true, "maximum term" might change. E.g., if the state alleges a third-degree felony and pleads two enhancements, the "maximum term" could be ten, twenty, or 99 years. This is an undesirable even absurd, interpretation of the language that the state concedes is not ambiguous.

4. Pre-trial Habeas Corpus — Appellant filed a pro se pre-trial habeas corpus on April 25, 2012. Before the filing, the defendant filed numerous motions to quash and plea to the jurisdiction. His motion to quash challenged the trial court's use of 1985 misdemeanor conviction as stated and argued here under Void Indictment, as his plea to the jurisdiction to try this case in felony court as a third degree felony pursuant to Penal Code Sec. 49.09 (d) as well as punishment under Sec 12.42 as habitual offender, the challenge is to jurisdiction as well. The First Court Of Appeals has ruled that this question was waived on page 13, III. Waiver. The court of appeals' decision conflicts with another court of appeals' decision, has decided an important question of state or federal law that should be settled by the Court of Criminal Appeals, has decided an important question of state and federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals or the Supreme Court of the United States, appears to have misconstrued the statute and have so far sanctioned the departure of the lower court in the departure from the accepted and usual course of judicial proceedings, as to call for an exercise of the Court Of Criminal Appeals' power of supervision. After the filing with clerk, Appellant requested his attorney Mark Lipkin seek a hearing date on the pre-trial habeas corpus. Please see Appellant's Brief #2 Pretrial Habeas Corpus and Exhibit #25, 10 pages. Appellant's pretrial Habeas Corpus that was placed in the hands of his attorney is missing from the clerk's record and said clerk has so far refused to supplement. Appellant's pro se habeas corpus is not lightly construed by the court. Please see page 205 of clerk's records, agreed setting cause no. 1350599 Writ of Hab. Cor.

And bottom right hand corner, on July 30, 2012. Next court date and reset form, the habeas corpus was not on record October 15, 2012. Appellant filed a written request for findings of fact and conclusions of law, and motion to transcribe. Habeas corpus is the remedy to correct the illegal restriction of a person's liberty, a way to challenge the legality and is extremely old judicial device challenging grave miscarriages of justice and fundamental constitutional violations. Its purpose is to obtain a speedy adjudication of a person's right to liberty from an illegal detention or imprisonment, and it is one of the most historic forms of civil rights protection. The founders of the United States incorporated the priciple of habeas corpus into American Justice. Art. I, Sec. 9 of the Constitution of the United States Of America, assures that the privilege of the writ of habeas corpus shall not be suspended, except when in cases of rebellion or invasion, public safety requires. Use of the writ by federal courts was authorized by the Judicial Act of 1789. Writing for the Supreme Court in the early 1800's, Chief Justice Marshall praised the power of the great writ of habeas corpus, Ex parte Bollman, 4 Cranch 75, 8 U.S. 75, 2 L. Ed. 554 (1807). The State of Texas also included the traditional right of habeas corpus in its Constitution. Art. I, Sec. 12 providing for habeas corpus states: "The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy effectual. Petitioner cites the following as grounds for relief: Deleon v. District Clerk, 187 S.W. 3d 473 (Tex. Crim. App. 2006), Statutes Key 75, Vernon's Ann. Texas Const. Art. 1, §28; Crim. Law Key 1030, Rules App. Pro., Rule 33.1 (A), Amador v. State, 187 S.W. 3d 543; Texas Rules Of Appellate Procedure, Rule 33.1 (A)(2)(B)-please read Court Reporter's Transcript page 4, Volume I lines 1 to 12, on the first day of jury selection, counsel failed to object, which would have been futile; McCormick v. Shepard, S.W. 2d 213, 126 Tex. 25 (Tex. Com. App. 1935), Vernon's Ann. C.C.P. Arts. 1026, 1083-1085; Whelchel v. McDonald, 71 S. Ct. 146, 340 U.S. 122, 95 L. Ed. 141, rehearing denied 71 S. Ct. 356, 340 U.S. 923, 95 L. Ed. 666.; Ex parte Johnson, 311 S.W. 2d 861, 166. Tex. Crim. 108, court's duty; Ex parte Emmons, 660 S.W. 2d 106 (Tex. Crim. App. 1983); Lowery v. Estelle, 696 F. 2d 333 (C.A.5 (Tex.) 1983); Ex parte Hargett, 819 S.W. 2d 866, on remand 827 S.W. 2d 606, pet. for discretionary review refused; Ex parte Drake,

883 S.W. 2d 213; Ex parte Weise, 55 S.W. 3d 617; Ex parte McCain, 67 S.W. 3d 204; Ex parte Rieck, 144 S.W. 3d 510; Ex parte Richardson, 201 S.W. 3d 712; In sup- of Appellant's assertion the courts should always be open, an applicant has a constitutional right of access to courts as well as a statutory right to file a habeas corpus with the clerk, to be heard by the court and a sufficient record to be presented to the appellate court for review,

5. Jury Charge - the charges submitted to the jury at the guilt/innocence and punish- ment phases of the trial deprived the Appellant of a fair trial. The First Court Of Appeals has in its judgment decided its opinion in conflict with another court of appeals' decision on the same issue; has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals; has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals or the Supreme Court of the United States; appears to have misconstrued a statute, rule, regulation or ordinance; and has so far sanctioned the departure of a lower court from the accepted and usual course of judicial pro- ceedings by its opinion. Citing Tex. Code Crim. Pro, Ann, Art. 36.14 - Before closing argu- ments, the trial court must, stated in part "deliver to the jury... A written charge distinctly setting forth the law applicable to the case..." The hypothetically correct jury charge sets out the law as well as describes the applicable statute in describing the offense to be tried and punishment for the offense. Pursuant to Penal Code § 49.09, the jury was improperly/incorrectly charged and recieved deficient jury instructions. Sentencing in- structions were incorrect, led jury to believe it was prohibited from sentencing for a lesser-included offense/misdemeanor or third degree felony, a substantial injurious af- fect. The jury charge amouted to such a denial of rights, it was reasonably calculated and worded to achieve and deny rendition of a verdict based on the applicable statutes, the jury was mis-informed on the charging statute concerning jurisdiction and punishment enhancements. Appellant requested counsel to object, he did not seem to want to be assert- ive, please read trial transcripts, Appellant's Brief and attached exhibits. In support of objections and failure to object in preservation of errors Appellant's numerous motions to

quash, jurisdiction, to dismiss counsel, pre-trial habeas corpus, findings of fact and conclusions of law, to transcribe, Motion for New trial and arrest of judgment and others. Appellant quotes Black v. State, 816 S.W.2d 350 (Tex. Crim. App. 1991) the opinion suggested Parker should be overruled to the extent that making the objection at trial would have been "futile," or if the right failed to have been asserted at trial, was so novel counsel could not have known about it at trial. Any counsel should be reasonably competent and familiar with standards of jurisprudence. Questions and statement in the charges that mistate the law are improper. To the point of the decision conflicts with another court of appeals; question of state or federal law that should be settled by the Court Of Criminal Appeals; is in conflict with the applicable decisions of the Court Of Criminal Appeals or the Supreme Court of the United States and has sanctioned the departure by a lower court from the accepted and usual course of judicial proceedings; Appellant quotes Apprendi v. New Jersey, 120 S. Ct. 2348 (2000); At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law," Amend. 14, and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury," Amend. 6. The fact that "due process of law" that the 14th Amend. requires the States to provide persons accused of crime encompasses the right to a trial by jury, Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444, 25 L. Ed. 2d 491 (1968), and the right to have every element of the offense proved beyond a reasonable doubt In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368. Taken together, these rights indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. United States v. Gaudin, 515 U.S. 506, 510, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995); see also Sullivan v. Louisiana, 508 U.S. 275, 278, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993); Winship, 397 U.S., at 364, 90 S. Ct. 1068 ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute crime which he is charged"), Quoting J. Archibold, Pleading and Evidence in Criminal Cases 44 (15th Ed. 1862) As any possible distinctions between "elements" of a felony offense and a "sentencing factor," as a general rule criminal proceedings were submitted to a jury after being initiated by an indictment containing "all the facts and circumstances which constitute the offense..., stated with such

certainty and precision that the defendant...may be enabled to determine the species of offense they constitute, in order that he may prepare his defence accordingly...and that there may be no doubt as to the judgment which should be given if the defendant be convicted." The defendant's ability to predict with certainty the judgment from the face of the felony indictment flowed from the invariable linkage of punishment with with crime. See 4 Blackstone 479, 369-370 (after verdict and barring a defect in the indictment, pardon or benefit of clery), "the court must pronounce that judgment, which the law hath annexed to the crime" (emphasis added). One need only look to the kind, degree, or range of punishment to which the prosecution is by law entitled for a given set of facts. Each fact necessary for entitlement is an element. Cases from the founding to roughly the end of the Civil War establish the rule that I have described, applying it to all sorts of facts, including recidivism. "When the law prescribes phases of the same charge/crime, there is good reason for requiring the indictment to specify which of the phases the prisoner is charged with. The record ought show that the defendant is convicted of the offense for which he is sentenced."

6. Speedy Trial - The First Court Of Appeals has decided an important question of state and federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals or the Supreme Court of the United States. Appellant's Pro Se Brief, Issue Presented #6, pages 13 to 17 raises the court's attention to his right of speedy trial as provided by the Texas and United States Constitution. The court has assumed that Appellant waived this right. Please review the cases cited and the exhibits attached to Appellant's Brief. His first motion for speedy trial was denied and as stated earlier the trial judge refused to rule on other motions. However Appellant never abandoned his speedy trial right, see motions and the clerk's record. A review of the clerk's record will show the resets agreed on by counsel, Appellant was not in the courtroom, When the forms were presented to Appellant in the holdover, "under protest" was printed before the form was signed. Indicating disagreement with counsel and the reset.

7. Trial Records - Appellants' Issue Presented #11 in his Appellant's Brief, The First Court Of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals. Citing: Tex. Crim. Pro. And Rules, West's 2014 Ed., Texas Statutes and Codes - Rules Of Appellate Procedure, Appendix E, pages 738-740.

In The Court Of Criminal Appeals Of Texas, Order Directing The Form Of The Appellate Record In Criminal Cases : to wit; the records in this appeal are not in the specified form of Clerk's Record And Reporter's Record. Also citing Appeal And Error Keys 1165 And 1177 (4). Appellant filed numerous request for records, please review the clerk's record, court reporter's transcript, and order of First Court Of Appeals to supplement. The record in this appeal will show that the Appellant has so far diligently sought a complete record for review, all requests, motions and mandamus to compel supplementation have been denied, and order of the court is ignored.

8. Ineffective Assistance Of Counsel - Appellant's Issue Presented in his Appellant Brief #20, pages 88 to 107 the actions and prejudices which caused harm, Appellant's right to counsel has been denied. Numerous cases from the state and all over the federal judiciary were cited, and statements of counsel, his actions and deficiences are in the transcript, records and exhibits attached to Appellant's Brief. The First Court Of Appeals has decided this important question of state and federal law in a way that conflicts with the applicable decisions of the Court Of Criminal Appeals and the Supreme Court of the United States. The court has said that trial judge granted Appellant's first motion to dismiss counsel filed on 12-14-2011, which is missing from the clerk's record. However, Appellant signed counselor Burton's motion to withdraw. Hearing records on motions to withdraw by Lipkin and Burton has so far been refused to supplement after order of the First Court Of Appeals. Appellant filed numerous motions to dismiss both counsel for their refusals to act, their actions that he did not consider to be in his best interest and their deficiencies which caused prejudice and harm, please review his brief, motions, and attached exhibits from trial. Deficient performance and prejudice has been shown; unreasonable, or constituted "negligent omission," Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 and Wood v. Allen, 130 S.Ct. 841 (2010). When the right to trial counsel has been violated, prejudice is presumed because the trial has been rendered inherently unfair and unreliable. Satterwhite v. Texas, 486 U.S. 249, 256, 108 S.Ct. 1792, 100 L. Ed. 2d 284 (1988), Cronic, 466 U.S. At 659-61, 104 S.Ct. 2039, and Crim. Law Key 1710. Quoting Wright v. Van Patten, 128 S.Ct. 743, 169 L. Ed. 2d 583 (U.S. 2008) - (U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L. Ed. 2d 657 (1984) rather than Strickland v. Washington test for ineffective assistance of counsel; Crim. Law Key 1920;

Crim. Law Key 1885 and Crim. Law Key 1871. Please read Appellant's notes to counsel during trial, attached as exhibits to Appellate brief. On page 4 to 5 Volume I, counsel is advocate for a plea offer of a felony plea in violation of Sec. 49.09(d) through use of a prior conviction not authorized for use under this statute of the Penal Code, and for a sentence of 25 to 99 yrs., not authorized by Sec. 49.09(g) of this code, please read the transcript on the voir dire. On page 157 to 158 Volume II, statement on incorrect sentencing range by defense counsel, guilt/innocence phase. On page 25 of Volume 3, punishment, improper argument.

### Prayer For Relief

Wherefore, Premises Considered, Appellant O. D. Van Duren Pro Se, prays this Honorable Court Of Criminal Appeals reverse the judgment of the lower court and direct the case to be reversed and sent back to Harris County 174th District Court on a violation of waiver of counsel, void indictment, void enhanced sentence, violation of habeas corpus rights, violation of speedy trial right, violations of right of appellate review in the denial of trial records, due process jury charge violation and ineffective assistance of counsel. And direct the trial court to grant the testing and certification of the evidence to try the Appellant on a lesser-included misdemeanor. Appellant further prays the Court make any orders it deems proper in the fair administration of justice.

Respectfully Submitted,

O. D. Van Duren

O. D. Van Duren

PRIORITY ★ MAIL ★

UNITED STATES
POSTAL SERVICE ®

VISIT US AT USPS.COM®
Label 106, July 2013

PRIORITY ★ MAIL ★

UNITED STATES
POSTAL SERVICE ®

VISIT US AT USP
Label 106, July 2013

This product is for use with Prio
Misuse may be a violation of fec
This label is not for resale.

O. D. Van Duren
1834715
Ramsey
1100 F.M. 655
Rosharon, Tx. 77583-7670

UNITED STATES
POSTAL SERVICE ®

USPS TRACKING #

9114 9999 4431 3969 0332 84

LAB400R  Aug. 2013
7690-17-000-0669

PRIORITY ★ MAIL ★

UNITED STATES
POSTAL SERVICE ®

For Domestic Use Only

TRACKED
★ ★ ★
INSURED

Label 107R, July 2013

Mr. Abel Acosta
Clerk
Supreme Court Bldg.
201 W. 14th St. Rm. 106
P.O. Box 12308
Austin, Texas 78711-2308

UNITED STATES
POSTAL SERVICE ®

1006        78711

FOREVER USA